IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 05 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

DAVID E. WELCH,
UNITED STATES OF AMERICA,

    Plaintiffs,

v.

CARDINAL BANKSHARES
CORPORATION, et al.

    Defendants.

Civil Action No.: 7:06CV00407

**MEMORANDUM OPINION**
By: Hon. Glen E. Conrad
United States District Judge

David E. Welch brings this action pursuant to 18 U.S.C. § 1514A against Cardinal Bankshares Corporation, asserting that an order of reinstatement issued by an Administrative Law Judge should be enforced by this court. The petition for enforcement was filed on July 6, 2006. The case is currently before the court on defendants' motion to dismiss.[1] For the following reasons, the court will grant the defendants' motion to dismiss.

## BACKGROUND

David E. Welch ("Welch") was employed as the Chief Financial Officer of Cardinal Bankshares Corporation ("Cardinal") from February of 1999 until he was terminated on October 1, 2002. Welch then filed a complaint with the Occupational Safety & Health Administration (OSHA), U.S. Department of Labor, alleging that he was terminated in retaliation for engaging in activities protected by the Corporate and Criminal Fraud Accountability Act of 2002, Title VII of the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley").

---

[1] The motion to dismiss was filed by Cardinal Bankshares Corporation on August 2, 2006. Since that time, J. Howard Conduff, Jr.; William R. Gardner, Jr.; Kevin D. Mitchell; R. Leon Moore; A. Carole Pratt; Dorsey H. Thompson; and G. Harris Warner, Jr., have been joined as defendants, and counsel for these defendants presented argument on the motion to dismiss at the hearing.

OSHA denied Welch's complaint, and Welch filed an appeal with the Office of the Administrative Law Judges (ALJ), U.S. Department of Labor. After holding a hearing, the ALJ issued a "Recommended Decision and Order" (RDO) on January 29, 2004. On February 3, 2004, the ALJ issued an "Erratum," which stated that his RDO "is not, nor was it intended to be, a 'final' order from which an appeal to the Administrative Review Board may be taken." (Erratum).

Two days later, Cardinal filed an appeal with the Administrative Review Board (ARB), United States Department of Labor. In its appeal, Cardinal asserted that it was appealing a "final" order of the ALJ. (Final Decision and Order Dismissing Petition for Review without Prejudice at 2). After the ARB dismissed the petition for appeal, Cardinal appealed to the United States Court of Appeals for the Fourth Circuit. That appeal was also dismissed.

On February 15, 2005, the ALJ issued a "Supplemental Recommended Decision and Order Awarding Damages, Fees, and Costs" (SRDO). That order "recommended" that Cardinal be ordered to reinstate Welch. (Supplemental Recommended Decision and Order Awarding Damages, Fee, and Costs at 25). Cardinal appealed the order to the ARB on February 25, 2005. Over eighteen months later, the parties are still awaiting the decision of the ARB.

In August of 2005, Welch filed a motion with the ALJ asking that monetary sanctions be imposed upon Cardinal for failure to comply with the preliminary reinstatement order. The ALJ declined to impose sanctions, basing his refusal on the premise that Sarbanes-Oxley whistleblower proceedings could only be enforced in the United States District Court.

Welch then filed a motion for a preliminary injunction in this court on September 14, 2005, to enforce the ALJ's order of reinstatement. Upon motion of the defendant, the court

2

dismissed the action on January 4, 2006. The court based its ruling upon the conclusion that there were unresolved questions as to whether the ALJ's SRDO was intended as an "order" of reinstatement.[2] Welch v. Cardinal Bankshares Corp., 407 F. Supp. 2d 773, 777 (W.D. Va. 2006). As a result of this disposition, the court did not reach the issue of whether it would have the authority to enforce a preliminary order of reinstatement. Id. at n.2. The court subsequently denied the plaintiff's motion to alter or amend its order, reasserting its earlier conclusions. Welch v. Cardinal Bankshares Corp., 2006 W.L. 197039 (W.D. Va. 2006). In that opinion, the court further noted that if the ARB would review a motion to stay the effect of the SRDO, the court's order would be without prejudice to any new motion to enforce a preliminary order of reinstatement. Id.

Welch filed a motion with the ALJ for clarification of the order of reinstatement, which the ALJ denied, claiming that he lacked jurisdiction. Welch then filed a motion with the ARB to confirm that a preliminary order had been issued. On March 31, 2006, the ARB entered an order confirming that the ALJ's order was a "preliminary order of reinstatement." Cardinal's motion to stay the order was denied by the ARB on June 9.

On July 6, 2006, Welch filed a petition to enforce the order of reinstatement with this court. After the motion was filed, the United States filed a motion to intervene as co-plaintiff, which was granted. A joint motion to intervene as co-defendants was filed on behalf of individual directors of Cardinal, J. Howard Conduff, Jr.; William R. Gardner, Jr.; Kevin D. Mitchell; R. Leon Moore; A. Carole Pratt; Dorsey H. Thompson; and G. Harris Warner, Jr. That

---

[2]At the time of the court's earlier consideration of this matter, there was also some uncertainty as to whether the order should be deemed "preliminary" or "final."

3

motion was also granted. In addition, the American Association of Bank Directors moved to file an amicus curia brief, and the motion was granted.[3] The case is now before the court on the defendants' motion to dismiss, which the court will grant for the following reasons.

## DISCUSSION

The case is currently before the court on the defendants' motion to dismiss. The defendants claim that this court does not have subject matter jurisdiction to enforce the ALJ's order, arguing that the order of reinstatement was a preliminary order, and this court can only enforce final orders of the Secretary of Labor.

It is undisputed that this court has jurisdiction to enforce a final order of the Secretary. See 49 U.S.C. § 42121(b)(5); 49 U.S.C. § 42121(b)(6). The first issue the court must consider is whether the order issued by the ALJ on February 15, 2005 is a preliminary order of reinstatement or a final order of the Secretary. The court agrees with the ARB's prior determination of March 31, 2006, and concludes that an order issued by the ALJ is a "preliminary order of reinstatement." (Order at 4). As noted by the ARB, the Regulations state that "the decision of the administrative law judge will be inoperative unless and until the Board issues an order adopting the decision, except that a preliminary order of reinstatement will be effective while review is conducted by the Board." 29 C.F.R. § 1980.110(b). This language clearly implies that the order of the ALJ is a "preliminary order of reinstatement." Thus, the next issue for the court is whether this court has jurisdiction to enforce such a preliminary order of reinstatement.

---

[3]The American Association of Bank Directors has filed a memorandum of law in support of the motion to dismiss. While informative, the brief is primarily concerned with policy considerations and has little bearing on the court's decision based upon statutory construction.

4

A federal district court has limited jurisdiction; the court can only hear a case if it has been granted jurisdiction by statute. Bell v. New Jersey, 461 U.S. 776, 777 (1983); see also Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'n, Inc., 106 F.3d 1146, 1151 (4th Cir. 1997). In analyzing statutory grants of jurisdiction, the court must first consider the "cardinal cannon" of statutory construction: "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Conn. Nat'l Bank v. Germain, 503 U.S. 254, 253-54 (1992). The starting point for statutory construction is therefore the plain language of the statute itself. Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 236 (1986).

To provide for whistleblower protection, the Sarbanes-Oxley Act incorporates procedures for adjudicating complaints of another whistleblower protection statute, the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (AIR21). See 18 U.S.C. § 1514A(b)(2) (citing 49 U.S.C. § 42121(b)). Relying on these two statutes, the defendant claims that there are just three situations in which jurisdiction is conferred upon the district court. First, a person alleging discharge may file an action for de novo review in the district court if the Secretary has not issued a final decision within 180 days of the filing of the complaint. 18 U.S.C. § 1514A(b)(1)(B). Second, the Secretary of Labor may file a civil action in the district court to enforce an order entered under 49 U.S.C. § 42121(b)(3). 49 U.S.C. § 42121(b)(5). Third, a person on whose behalf an order was entered may file a civil action in the district court to enforce an order entered under 49 U.S.C. § 42121(b)(3). 49 U.S.C. § 42121(b)(6). According to the defendant, jurisdiction of this court must be construed narrowly, and the jurisdiction-granting provisions do not apply to preliminary orders.

5

Based upon these three provisions and principles of statutory construction, the court concludes that the statutory grants of jurisdiction in 49 U.S.C. § 42121(b)(5) and 49 U.S.C. § 42121(b)(6) clearly fail to grant jurisdiction to this court over preliminary orders of the ALJ.[4] These sections provide that the district court can enforce Department of Labor rulings when a person has failed to comply with an order issued under 49 U.S.C. § 42121(b)(3). That paragraph, "Final Order," provides that "[n]ot later than 120 days after the date of conclusion of a hearing under paragraph (2), the Secretary of Labor shall issue a <u>final order</u> providing the relief prescribed by this paragraph or denying the complaint." 49 U.S.C. § 42121(b)(3). Paragraph (2) closes with the instruction that, if a hearing is not requested within the allotted time period, "the preliminary order <u>shall be deemed a final order</u> that is not subject to preliminary review."[5] 49 U.S.C. § 42121(b)(2). Paragraphs (5) and (6) specifically provide for enforcement of orders issued under paragraph (3), which describe only final orders of the ARB. The statute does not instruct the district court to enforce any type of preliminary orders. Therefore, the plain language of the statute grants jurisdiction to this court solely over a final order of the ARB.

As the plaintiff has noted, this reading of the statute requires the court to disregard certain provisions of the Code of Federal Regulations. Title 29, section 1980.113 provides for judicial enforcement:

---

[4] Title 18, section 1514A(b)(1)(B) is not at issue in this case, as Welch has not applied to this court seeking <u>de novo</u> review.

[5] The statute does not explicitly discuss orders issued by the ALJ. The precise procedures for appeal of orders by OSHA are set forth in 29 C.F.R. § 1980.106 <u>et seq</u>. The fact that the order issued by the ALJ is not discussed in the statute does not impact the court's conclusion, however, as the enforcement provisions in paragraphs (5) and (6) refer only to the <u>final order</u> issued by the ARB, and do not provide for enforcement in the district court of any preliminary orders preceding this final order.

6

> [w]henever any person has failed to comply with a preliminary order of reinstatement or a final order or the terms of a settlement agreement, the Secretary or a person on whose behalf the order was issued may file a civil action seeking enforcement of the order in the United States district court for the district in which the violation was found to have occurred.

29 C.F.R. § 1980.113. The court, however, concludes that it cannot give effect to this regulation, as it conflicts with the plain language of Congress' grant of jurisdiction to this court.

In general, agency rules are entitled to some deference by the court, because Congress has given authority to an agency to administer the statute. United States v. Mead, 533 U.S. 218, 227 (2001) (citing Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843-44 (1984)). However, this deference cannot apply in situations in which the statute is granting jurisdiction to the federal courts, because "it would be inappropriate to consult executive interpretations of [the statute] to resolve ambiguities surrounding the scope of [the] judicially enforceable remedy." Murphy Exploration & Prod. Co. v. U.S. Dep't of the Interior, 252 F.3d 473 (D.C. Cir. 2001) (quoting Adams Fruit Co. v. Barrett, 494 U.S. 638, 650 (1990)). The instant case is factually distinguishable from Adams, which involved an enforcement scheme providing direct recourse to federal court, but the principle that an agency does not have the power to interpret a statute establishing federal court jurisdiction is equally applicable here. Adams, 494 U.S. at 650. In a recent decision of the United States Court of Appeals for the Second Circuit, even the judge concluding that 29 C.F.R. § 1980.113 should be enforced noted that the agency rule was "by no means authoritative over this Court." Bechtel v. Competitive Tech., Inc., 448 F.3d 469, 486 (2d Cir. 2006).[6] Due to the jurisdiction-conferring nature of 49 U.S.C. § 42121,

---

[6]In the interim between this court's decision in Welch v. Cardinal Bankshares Corp., 407 F. Supp. 2d 773, 777 (W.D. Va. 2006), and the filing of the instant case, the United States Court of Appeals for the Second Circuit decided Bechtel. Although Bechtel is distinguishable from

7

the court finds that inconsistent agency interpretations, including 29 C.F.R. § 1980.113, cannot inform the court's interpretation of the statute.

The court's conclusion that it does not have subject matter jurisdiction to enforce the ALJ's preliminary order is further supported by the general principle that federal courts can only review the <u>final</u> decisions of administrative agencies. In fact, there is a "strong presumption" that judicial review is available only when an agency action is final. Bell, 461 U.S. at 780. Under paragraph (4) of § 42121, an order issued under paragraph (3) can be reviewed by the court of appeals in the circuit in which the order was issued. 49 U.S.C. § 42121(b)(4). Therefore, an order issued under paragraph (3) must refer to the final order of the ARB, in light of the presumption that the circuit court can only review final orders. See Bechtel, 448 F.3d at 477 (Leval, J., concurring).

In addition, the court's conclusion is supported by the legislative history of Sarbanes-Oxley and the congressional intent underlying the statute. As the plaintiffs note, the whistleblower provisions of Sarbanes-Oxley and AIR21 were modeled on the Surface Transportation Assistance Act of 1978 (STAA), 49 U.S.C. § 2305(a), (b). See H.R. Rep. No.106-167(I) (1999) ("There are currently over a dozen Federal laws protecting whistleblowers... [f]or example, section 2305 of the Surface Transportation Assistance Act of

---

this case in a number of ways and the Court did not issue a majority opinion, this court finds portions of that opinion instructive in interpreting AIR21, SOX, and the accompanying regulations. Bechtel involved an appeal of a preliminary order of reinstatement issued by OSHA. 448 F.3d at 470-71. Judge Jacobs concluded that §1514A did not confer judicial enforcement power over preliminary orders of reinstatement. Id. at 475. Judge Leval concurred in the judgment, finding that due process requirements were not satisfied, but failing to answer the question of whether the court had the power to enforce a preliminary order of reinstatement. Id. at 476. Judge Straub, however, concluded that the court did have jurisdiction to enforce a preliminary order of reinstatement. Id. at 490.

8

1978 ..."). The STAA allows the Secretary to issue orders of preliminary reinstatement upon finding reasonable cause, and those orders are not stayed by the filing of objections. In Martin v. Yellow Freight System, Inc., 983 F.2d 1201 (2d Cir. 1993), the Court of Appeals for the Second Circuit held that the district court had authority to enforce an order of reinstatement by the ALJ, concluding that such a holding was consistent with the congressional intent to protect whistleblowers. Id. at 1203. The Court held that although the statute did not specifically provide for enforcement of orders issued by an ALJ, an order is contemplated by the statute "where it provides for hearings of objections to preliminary orders." Id. at 1203.

According to the plaintiff, the fact that AIR21 is based upon the STAA demonstrates that Congress intended to provide the same type of protection and enforcement of preliminary orders of reinstatement as was provided under the STAA. However, the court concludes that comparison of AIR21 and the STAA supports a contrary construction of the statute. The STAA specifically provides that the Secretary can bring a civil action in federal district court to enforce an order issued under 49 U.S.C. § 31105(b). That section includes both preliminary orders and final orders. See 49 U.S.C. § 31105(b). AIR21 provides solely for enforcement of final orders. See supra; 49 U.S.C. § 42121(b)(5), (6). Comparison of these two statutes demonstrates that Congress did not intend AIR21 to grant jurisdiction to the district court to enforce preliminary orders. Had Congress so intended, it could have made provision for the enforcement of preliminary orders, as it did in the STAA. See Bechtel, 448 F.3d at 474 n.7 ("In explicitly authorizing district court jurisdiction over actions brought to enforce preliminary orders, the STAA thus demonstrates that Congress knew how to provide expressly for such jurisdiction when it thought desirable.").

9

Furthermore, the court's conclusion that it has not been granted jurisdiction to enforce preliminary orders is consistent with the efficient administration of justice. As noted in Bechtel, a preliminary order could be overturned by the ARB or by the court reviewing the ARB's order. 448 F.3d at 474. The lack of authority of the district court to immediately enforce preliminary orders of reinstatement while an appeal is pending before the ARB ensures that appeals go through all levels of the administrative process before reaching federal court. Id. If they did not, "immediate enforcement at each level could cause a rapid sequence of reinstatement and discharge, and a generally ridiculous state of affairs." Id. As the United States Court of Appeals for the Fourth Circuit has noted, the filing of an enforcement action with the district court under 18 U.S.C. § 1514A(b) vests jurisdiction in the district court. See Stone v. Duke Energy Corp., 432 F.3d 320 (4th Cir. 2005) (holding that after a complaint was filed in the district court pursuant to 18 U.S.C. § 1514A(b), an ALJ was deprived of the jurisdiction to enter an order). At that point, the ALJ before whom an appeal is pending is divested of jurisdiction. Id. Similarly, the court concludes that it cannot have jurisdiction to enforce a preliminary order of reinstatement of the ALJ while a review of that order is pending before the ARB, as this procedure could lead to inconsistent and confusing results.[7]

Finally, the court acknowledges that the current situation represents a departure from the adjudication scheme envisioned by Congress. Sarbanes-Oxley was established to protect against the chilling effect of retaliation on whistleblowers by providing a remedy of reinstatement in a

---

[7] Adding to the potential for inconsistent and confusing results is the intervening allegation by the defendant that the plaintiff would have been discharged in any event based upon other circumstances discovered after the discharge. This assertion could change the factual posture of the case.

10

short amount of time. As a result, Congress set forth specific procedures to ensure that complaints would be quickly adjudicated by the Department of Labor, and that appeals within the administrative process would likewise progress quickly, taking a matter of days. Although this was the intent of Congress, the court recognizes that the Secretary has not complied with this mandate. Over eighteen months after the ALJ has issued his preliminary order of reinstatement, Welch has still not received a final administrative adjudication of his status. The court agrees that the delay in the administrative process has been inordinate.

However, even in this case, Welch has not been left without recourse. Title 18, section 1514A(b)(1) provides for a remedy to overcome delay of the Secretary. That section confers jurisdiction upon the district court to review a case <u>de novo</u> "if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant." 18 U.S.C. § 1514A(b)(1)(B).

Based on the plain language of the statute, the court concludes that it does not have jurisdiction to enforce the preliminary order of the ALJ. The court's construction is further supported by the general principle that federal courts can only review final agency determinations, by the comparison of AIR21 to provisions of the STAA, and by the need to promote the efficient administration of justice. Accordingly, the court will grant the defendants' motion to dismiss.

## CONCLUSION

Under our constitutional scheme and Supreme Court precedent, this court is required to strictly interpret a statutory grant of subject matter jurisdiction rather than to overread a congressional enactment. It is not for the court to fashion a remedy, even in those circumstances

11

in which principles of fairness might counsel intervention, when Congress has chosen not to provide for the form of redress sought by the plaintiff.

For the reasons stated, the defendants' motion to dismiss will be granted and the plaintiffs' petition to enforce the order of reinstatement will be denied. An order in conformity will be entered this day. The court's opinion should not be read as expressing any view as to the merits of plaintiff's claim of retaliation.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 5th day of October, 2006.

*Jack Conrad*
United States District Judge

12